IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

Civil Action No. 10-cv-01560-BNB

FEB 2 2 2011

MICHAL F. DELYRIA,

GREGORY C. LANGHAM
CLERK

Applicant,

v.

ARI ZAVARAS, Colo. Dept. of Corrections,
TRAVIS TRANI, Warden of Denver Complex, CCC. Colo. Dept. of Corrections, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

Respondents.

---

ORDER OF DISMISSAL

---

At the time of filing, Applicant, Michal F. Delyria, was a state prisoner incarcerated at the Colorado Correctional Center in Golden, Colorado. He is now serving a term of mandatory parole pursuant to his convictions in Case Nos. 07CR27 and 07CR102 in the Archuleta County, Colorado, District Court. Mr. Delyria has filed an [Amended] Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 [Doc. No. 7] challenging his mandatory parole term as a violation of the United States Constitution. He has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

In an order filed on August 17, 2010, Magistrate Judge Boyd N. Boland directed Respondents to file a pre-answer response addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). On August 26, 2010, Respondents submitted a pre-answer response. Applicant filed a reply the same day. Upon further review, Magistrate Judge

Boland directed Respondents on September 22, 2010, to file a Supplemental Pre-Answer Response to further clarify Applicant's exhaustion of state remedies or procedural default. Applicant filed an additional reply on October 7, 2010. Respondents filed a Supplemental Pre-Answer Response on October 19, 2010.

The Court must construe liberally the Application filed by Mr. Delyria because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, this case will be drawn to a District Judge and to a United States Magistrate Judge for further proceedings.

## I. Background and State Court Proceedings

In January 2008, Mr. Delyria was convicted pursuant to a guilty plea in Case No. 07CR27 of several offenses involving wildlife. Pre-Answer Resp. Ex. A at 1-2. He was also convicted pursuant to a guilty plea in Case No. 07CR012 of cruelty to animals. *Id.*, Ex. B at 5. Applicant was sentenced on March 4, 2008, in both cases to probation. *Id.*, Ex. A at 4; Ex. B at 5. On August 18, 2009, Applicant's probation was revoked, and he was resentenced to one year of imprisonment in 07CR102, to run concurrently with a two-year prison term imposed in 07CR27. *Id.*, Ex. A at 2; Ex. B at 5-6. Under Colorado statute, Applicant must serve a term of mandatory parole following his discharge from imprisonment. *See* COLO.REV.STAT. §18-1.3-401(1)(a)(V)(B) (formerly § 18-1-105(1)(a)(V)(A)).

Mr. Delyria did not file a direct appeal of his probation revocation or his prison sentences. Amended Application at 2.

2

On May 17, 2010, Mr. Delyria filed a Motion to Vacate Mandatory Parole in Case No. 07CR27.  Pre-Answer Resp. Ex. A at 8; Supp. to Pre-Answer Resp. Ex. A.

Mr. Delyria initiated this action on June 23, 2010, before the state trial court ruled on his post conviction motion.  He claims that his term of mandatory parole violates the Fifth Amendment prohibition against double jeopardy because he is being punished twice for the same offense.  Respondents argue that the Application is untimely under the one-year limitation period set forth in 28 U.S.C. § 2244(d)(1). Pre-Answer Resp. at 3.  Respondents further contend that Applicant procedurally defaulted his claim in the state courts.  Supplemental Pre-Answer Resp. at 2-4.

Applicant's Motion to Vacate Mandatory Parole was denied by the state trial court on August 18, 2010.  Pre-Answer Resp. Ex. A at 9.  Applicant did not appeal the trial court's order.  Pre-Answer Resp. at 2; October 7, 2010 Reply, at 1.

## II. AEDPA Time Bar

Section 2244(d) provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the

3

> Supreme Court, if the right has been newly
> recognized by the Supreme Court and made
> retroactively applicable to cases on collateral
> review; or
>
> (D)  the date on which the factual predicate of
> the claim or claims presented could have been
> discovered through the exercise of due
> diligence.
>
> (2)  The time during which a properly filed application for
> State post-conviction or other collateral review with respect
> to the pertinent judgment or claim is pending shall not be
> counted toward any period of limitation under this
> subsection.

28 U.S.C. § 2244(d).

Respondents assert that Mr. Delyria's application is time-barred because his convictions became final forty-five days after he was sentenced on March 4, 2008.  As Respondents see it, the AEDPA time clock began to run on April 18, 2008, and continued to run unabated until it expired on April 20, 2009.  Respondents thus maintain that this action, which was initiated on June 23, 2010, is untimely.

The Court disagrees.  Mr. Delyria challenges the trial court's imposition of a mandatory parole term at the time he was *resentenced* on August 18, 2009.  He does not challenge his original sentence to probation in March 2008.  As such, the one-year limitations period started when the resentencing judgment became final.  *See Linscott v. Rose,* 436 F.3d 587, 591 (6th Cir. 2006) (one-year limitations period for a habeas petition challenging a resentencing judgment begins "on the date that the resentencing judgment became final, rather than the date that the original judgment became final"); *see also Walker v. Crosby*, 341 F.3d 1240, 1246 (11th Cir. 2003) (where a habeas petitioner brings a claim challenging a resentencing decision, the resentencing restarts

4

the limitations period for all claims in the application).  Accordingly, the Court finds that this action is timely under 28 U.S.C. § 2244(d).

## III. Exhaustion of State Remedies and Procedural Default

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).  The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989).  Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.  A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Mr. Delyria filed his federal application before the state trial court ruled on his Motion to Vacate Mandatory Parole.  He admits that he did not file an appeal with the Colorado Court of Appeals. October 7, 2010 Reply, at 1.  Applicant argues that he is not required to exhaust state remedies for his claim because exhaustion would be futile. *Id.*; *see also* Amended Application, at 5.

Exhaustion of state remedies is not required if there is "an absence of available State corrective process" or because "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1); *see also*

*Magar v. Parker*, 490 F.3d 816, 818 (10th Cir. 2007).  In *Goodwin v. Oklahoma*, 923 F.2d 156, 158 (10th Cir. 1991), the Tenth Circuit held that exhaustion of state remedies is not necessary where the state's highest court has explicitly and recently addressed the precise issue advanced by a habeas petitioner.  *See also Alvarez v. Turner*, 422 F.2d 214, 216 n. 3 (10th Cir. 1970) (same).

Applicant claims that his mandatory parole term violates the Fifth Amendment prohibition against double jeopardy because he is being punished twice for the same offense.  He relies on *People v. Mayes,* 981 P.2d 1106 (Colo. App. 1999), and *People v. Xiong*, 10 P.3d 719 (Colo. App. 2000), in support of his argument that exhaustion of state remedies would be futile.  *Mayes* held that "because mandatory parole is a required part of any sentence to the DOC, it is not a second sentence for the same crime and does not violate the protection against double jeopardy." 981 P.2d at 1108. *Xiong* followed *Mayes*.  *Mayes* and *Xiong* are panel decisions of the Colorado Court of Appeals that are not binding on any other panel of that court.  *See, e.g., People v. Young*, 825 P.2d 1004, 1007 (Colo. App. 1991) (expressly declining to follow a recent opinion of a different panel of the same court).  Mr. Delyria does not point to a Colorado Supreme Court decision addressing the specific issue of whether the imposition of a mandatory parole term violates double jeopardy.  The Court therefore finds that Mr. Delyria has failed to demonstrate that he is effectively foreclosed from relief in the state appellate courts so that it was unnecessary for him to exhaust his state remedies before seeking federal habeas relief.

6

Respondents argue that Mr. Delyria has procedurally defaulted his claim because if he attempted to file a second motion for post conviction relief under Colo. Crim. P. 35(c) challenging his mandatory parole term as a violation of double jeopardy, the motion would be denied as successive under Colo. Crim. P. Rule 35(c)(3)(VI). Supp. Pre-Answer Resp. at 3.

If a habeas petitioner "failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred . . . there is a procedural default. . . . ." *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *Harris v. Reed*, 489 U.S. 255, 269-70 (1989)).  A claim is precluded from federal habeas review if the claim has been defaulted in state court on an independent and adequate state procedural ground, unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the federal violation, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice.  *Coleman*, 501 U.S. at 750; *Cummings v. Sirmons*, 506 F.3d 1211, 1224 (10th Cir. 2007) (citation omitted).  "A state procedural ground is independent if it relies on state law, rather than federal law, as the basis for the decision . . . .  For the state ground to be adequate, it must be strictly or regularly followed and applied evenhandedly to all similar claims." *See Hickman v. Spears*, 160 F.3d 1269, 1271 (10th Cir. 1998) (internal quotations and citations omitted).

Mr. Delyria's pro se status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice. *See Lepiscopo v. Tansy*, 38 F .3d 1128, 1130 (10th Cir. 1994).

7

Under Colorado Rule of Appellate Procedure (C.A.R.) 4(b)(1), Mr. Delyria was required to appeal within forty-five days the trial court's order of August 18, 2010, denying his Motion to Vacate Mandatory Parole. Applicant has not filed any document with this Court indicating that he has attempted to appeal the order of August 18, 2010.[1] If Mr. Delyria now filed another post conviction motion in the trial court challenging his mandatory parole term as a violation of double jeopardy, that motion would be considered under Colo. Crim. P. Rule 35(c). *See People v. Collier*, 151 P.3d 668, 671 (Colo. App. 2006) (double jeopardy challenges are properly brought under Crim. P. Rule 35(c)); *People v. Tillery*, 231 P.3d 36, 48 (Colo. App. 2009); Colo. Crim. P. Rule 35(c)(2)(I) (providing for relief where the conviction was obtained or sentence imposed in violation of the United States Constitution).

The Colorado Rules of Criminal Procedure prohibit successive Crim. P. Rule 35 motions with limited exceptions that are not applicable to Mr. Delyria's claim. See Colo. R. Crim. P. 35(c)(3)(VI) and (VII); *see also People v. Thomas*, 195 P.3d 1162 (Colo. App. 2008); *People v. Valdez*, 178 P.3d 1269, 1275 (Colo. App. 2007); *People v. Tolbert*, 216 P.3d 1, 3 (Colo. App. 2007); *accord Turman v. Buckallew*, 784 P.2d 774, 780 (Colo. 1989) ("We have emphasized that where a post-conviction application is filed, it should contain all factual and legal contentions of which the applicant knew at the time of filing, and failure to do so will, unless special circumstances exist, ordinarily result in a second application containing such grounds being summarily denied.")

---

[1] The Colorado Court of Appeals may extend the time for filing a notice of appeal for a period not to exceed thirty days upon a showing of excusable neglect. C.A.R. 4(b)(1).

(internal quotation marks omitted).  The Court, therefore, agrees that Mr. Delyria has procedurally defaulted his double jeopardy claim in state court.

Moreover, Mr. Delyria fails to show cause for the default and actual prejudice as a result of the alleged violation of federal law or demonstrate that the failure to consider his claim will result in a fundamental miscarriage of justice.  The Court finds that Mr. Delyria is procedurally barred from raising his claim in a federal habeas action.  Accordingly, it is

ORDERED that the [Amended] Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 [Doc. No. 7] is denied and the action is dismissed as procedurally barred.  It is

FURTHER ORDERED that no certificate of appealability shall issue because Mr. Delyria has not made a substantial showing that jurists of reason would find it debatable whether the procedural ruling is correct and whether the underlying claim has constitutional merit.

DATED at Denver, Colorado, this 17th day of February, 2011.

BY THE COURT:

Zita Leeson Weinshienk

_____

ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

9

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No.  10-cv-01560-BNB

Michal F. Delyria
Prisoner No.  147641
90477 Lampa Lane
Myrtle Point, OR 97458

Rebecca A. Adams
Assistant Attorney General
**DELIVERED ELECTRONICALLY**

     I hereby certify that I have mailed a copy of the **ORDER and JUDGMENT** to the above-named individuals on February 22, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
                 Deputy Clerk